RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2007 NOV -1  A 8: 06

| | | |
|---|---|---|
| Carlie Butts, | ) | C/A No. 9:07-3434-JFA-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina, | ) | **Report and Recommendation** |
| | ) | |
| Respondent. | ) | |

The Petitioner, Carlie Butts(Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1]  The Petitioner's sentence has expired.  The Petition should be dismissed for lack of jurisdiction.

## *Pro Se* Review



Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner indicates that, on September 7, 1995, he entered a guilty plea to the charge of Lewd Act on a Child Under Fourteen. Petitioner was sentenced to five (5) years probation. Petitioner claims that he was threatened with prison by the prosecuting attorney "unless I pleaded guilty against my will." Petitioner further states he was promised the charges would be dropped if probation was successfully served and that Petitioner would no longer be on the "sex offender register." Approximately three (3) years after his probation ended, Petitioner "became fully aware that [he] was still registered as a sex offender." Petitioner then filed an Application for Post-Conviction Relief (PCR), which was dismissed as untimely on July 22, 2007. Petitioner appealed the dismissal of his PCR action to the South Carolina Supreme Court, which affirmed the PCR Court's decision on August 15, 2007.

## Discussion

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody"

2

requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*, 391 U.S. at 238. Moreover, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal district court's subject matter jurisdiction, and a habeas petition filed by such a person would be properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990). *See also Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987)(habeas petition filed after individual unconditional release from prison properly denied by district court).

While probationary sentences satisfy the "in custody" requirement of § 2254(a), *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984), Petitioner clearly states that his probationary sentence expired several years prior to the filing of the present habeas action.[2] As such, Petitioner is not "in custody" for habeas purposes. Therefore, this Court lacks jurisdiction over Petitioner's habeas action and the Petition is subject to dismissal.

## Recommendation

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to

---

[2] Several circuit courts have determined that mandatory sex offender registration, after completion of a sentence, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254. *See Wilkins v. Madigan*, 2007 WL 2979935 (7th Cir. Sept. 20, 2007), *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998).

3

screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

George C. Kosko
United States Magistrate Judge

Oct 31, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).