IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Carlie Butts, | ) | C/A No. 9:07-3434-JFA-GCK |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Carlie Butts, brings this action pursuant to 28 U.S.C. § 2254. Specifically, he seeks to have his status as a registered sex offender expunged. The petitioner has completed his sentence and has not been in custody for several years.[1]

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein he suggests that the court should dismiss this action without prejudice. The Magistrate Judge opines this court has no jurisdiction over the petition because the petitioner is not "in custody" which is a jurisdictional requirement for federal habeas relief. *See* 28 U.S.C. § 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 1, 2007. The petitioner

---

[1] The petitioner, who is now 80 years old, was convicted in 1995 on the charge of lewd act on a child under fourteen. He was sentenced to a term of probation of five years.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

filed timely objections[3] to the Report.

In his response, Mr. Butts recants the same issues he previously put forth in his § 2254 petition. He also contends that as a registered sex offender he *is* in custody: He must report to the Sheriff's office bi-annually, pay a fee for surveillance, and have his picture posted on the Internet. He further argues that being under guardianship of the County and State and subject to arrest if his neighbor falsely complains is "just as strict and binding as if he were in prison or on probation."

As the Magistrate Judge notes and the undersigned agrees, the court has no subject matter jurisdiction and this petition must be denied.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

December 20, 2007
Columbia, South Carolina

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).